GEORGE SLOVEN, an Infant, under the Age of Fourteen Years, by THOMAS SLOVEN, His Guardian ad Litem, and Another, Respondents, v. CHESEBRO WHITMAN Co., INC., Appellant.— The infant plaintiff, while crossing the street, was struck down and seriously injured when a truck suddenly backed without warning. The right femur was broken, requiring three months of treatment in the hospital and resulting in permanent injuries, including a shortening of the leg and an inversion of the right foot. There was a verdict in his favor, and also in favor of his father for the expense incurred. This appeal raises no question of negligence or contributory negligence, but only that the bill of particulars did not specifically mention the inversion of the right foot as a result of the injury; and that the evidence admitted in that respect was incompetent. Judgment and order denying new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

SPRINGFIELD, L. I., CEMETERY SOCIETY, Appellant, v. THE CITY OF NEW YORK, Respondent.—Action to cancel a sewer assessment as a cloud on title. Appeal from judgment dismissing complaint on the merits. Judgment affirmed, with costs. Lands acquired by cemetery corporations, such as plaintiff, for burial purposes, or acquired absolutely or in trust for the improvement or embellishment of the cemetery, have been exempt from taxation since 1847. (Laws of 1847, chap. 133, §§ 4, 9, 10.) Since the enactment of chapter 498 of the Laws of 1892, such corporations have been authorized to acquire lands for the convenient transaction of their business, which lands may not be used for cemetery purposes. Such lands have never been tax exempt. Lazansky, P. J., Hagarty and Tompkins, JJ., concur; Young and Carswell, JJ., dissent and vote to reverse being of the opinion that section 1539-a of the Greater New York Charter has no application to land acquired by cemetery associations or corporations for the purpose of the convenient transaction of their general business; that appellant's property, so held under existing statutes, is exempt from taxation; and that, as to the acquisition of such property, the consent of the municipal authorities was not required.